UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| NORA HUTTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-05-70 |
| | § | |
| UNIVERSITY OF HOUSTON | § | |
| SYSTEM, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court are the following three motions: (1) Defendants' Opposed Motion to Quash Compulsory Discovery Beyond Deadline (Dkt. No. 25); (2) Defendant's Opposed Motion to Exclude Plaintiff's Expert Witnesses (Dkt. no. 26); and (3) Plaintiff's Unopposed Motion for Extension of Time to File Responses to Defendants' Motion to Strike Expert Witnesses (Dkt. No. 34). Having reviewed the pending motions, the responses thereto, the entire record, and the applicable law, the Court is of the opinion that (1) Defendants' Opposed Motion to Quash Compulsory Discovery Beyond Deadline (Dkt. No. 25) should be denied as moot; (2) Defendant's Opposed Motion to Exclude Plaintiff's Expert Witnesses (Dkt. no. 26) should be denied; and (3) Plaintiff's Unopposed Motion for Extension of Time to File Responses to Defendants' Motion to Strike Expert Witnesses (Dkt. No. 34) should be granted.

### I. Discussion

**(a)   Defendants' Opposed Motion to Quash Compulsory Discovery Beyond Deadline**

This motion (Dkt. No. 25) appears to have been directed at discovery requests that were propounded by Plaintiff after a previous discovery cutoff but prior to any of the Court's orders governing discovery after the most recent continuance in this case. Given that the Court issued an amended scheduling order (Dkt. no. 41) on June 4, 2007, governing all of the unexpired deadlines, including discovery, in this case, the Court is of the opinion that this motion should be, and hereby is **DENIED** as moot.

**(b)     Defendant's Opposed Motion to Exclude Plaintiff's Expert Witnesses**

The next pending motion (Dkt. No. 26) seeks to exclude the expert testimony of two of Plaintiff's witnesses – damages expert Barry Wilbratte and treating physician Taylor Starkey – due to Plaintiff's alleged failure to timely designate pursuant to the Court's scheduling orders and/or failure to comply with the designation and disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2). With respect to Wilbratte, Defendants claim that, although his identity was timely disclosed prior to the June 1, 2006 deadline, Plaintiff failed to timely disclose such required information as Wilbratte's qualifications, compensation, or prior expert testimony. Dkt. No. 26 at 2. With respect to Starkey, Defendants claim that Plaintiff failed to disclose his identity – or any other information required to be disclosed – until November 4, 2006, more than five months after the deadline. Plaintiff essentially admits – though with some dispute as to the dates and content of the disclosures – that she failed to timely disclose all of the information required for these two witnesses, but urges the Court to deny Defendants' motion on grounds that the testimony of these witnesses at trial will be reliable and relevant.

Rule 16 of the Federal Rules of Civil Procedure grants this Court "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). Moreover, it is within this Court's discretion to exclude evidence not properly designated based on the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman*, 893 F.2d at 791 (citation omitted).

Defendants correctly point out that Plaintiff's deadline to designate and disclose required information regarding her experts was June 1, 2006. Dkt. Nos. 13 & 14. That deadline, however, contemplated a trial date in November 2006, which was later continued until February 2007 (Dkt. No. 22) and then put off indefinitely (Dkt. No. 31). In an amended scheduling order issued June 4, 2007 (Dkt. No.

2

41), trial in this case is now set for November 2007. Under these circumstances, the Court concludes that any deficiencies in the designations of or disclosures regarding Plaintiff's expert witnesses have not – at least presently – prejudiced Defendants such that exclusion of testimony from those witnesses is appropriate at this time. Moreover, given that approximately six months remain before trial, it would seem that ample time is left for Plaintiff to cure any remaining deficiencies with respect to expert discovery. Accordingly, the Court is of the opinion that Defendants' motion to exclude the testimony of Wilbratte and Starkey is premature and should be, and hereby is, **DENIED**.

Plaintiff is advised, however, that although the Court is denying Defendants' motion, this denial is certainly without prejudice and Defendants are free to re-urge this motion along with any other failures by Plaintiff to fully and completely comply with the discovery rules. As the trial date in this case approaches, the Court will likely take an increasingly expansive view of the potential for prejudice to Defendants at trial stemming from discovery infractions, including the ongoing duty to supplement.

(c)  **Plaintiff's Unopposed Motion for Extension of Time to File Responses to Defendants' Motion to Strike Expert Witnesses**

On March 7, 2007, Plaintiff filed an unopposed motion (Dkt. No. 34) to extend her time to respond to Defendants' motion to exclude expert testimony. The Court is of the opinion that the motion should be, and hereby is, **GRANTED** retroactively and Plaintiff's response is hereby deemed timely filed.

It is so **ORDERED**.

Signed this  8th  day of June, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE